IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| QUENTIN L. FORD, | ) | C/A No. 4:07-167-MBS-TER |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| WARDEN OF BROAD | ) | |
| RIVER CORRECTIONAL | ) | |
| INSTITUTION, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner, Quentin Ford  ("petitioner/Ford"), a pro se prisoner, seeks habeas relief pursuant to 28 U.S.C.  2254.  This matter is before the Court on the petitioner's and respondent's cross-motions for summary judgment.  (Docket Entries 10 and 13.)[1]

Petitioner filed this petition for a writ of habeas corpus on January 19, 2007. On April 25, 2007, respondent filed a motion for summary judgment, along with supporting memorandum and exhibits.  The undersigned issued an order filed May 4, 2007, pursuant to <u>Roseboro v. Garrison</u>, 528 F.2d 309 (4th Cir. 1975), advising petitioner of the motion for summary judgment procedure and the possible consequences if he failed to respond adequately.  On May 22, 2007, petitioner filed a response to respondent's motion for summary judgment and his own motion for summary judgment.

---

[1]This habeas corpus case was automatically referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02, DSC. Because this is a dispositive motion, this report and recommendation is entered for review by the district judge.

# I. FACTS/PROCEDURAL HISTORY

Petitioner specifically states in his memorandum opposing respondent's summary judgment motion that he agrees with the procedural history as set out by the respondent. (Pet'r's Mem. Opp. Summ. J. Mot. at 1.) Therefore, the undisputed procedural history as set out in respondent's memorandum will be discussed below.

Petitioner has filed the present habeas action from criminal convictions and sentences from two separate state court proceedings.

## 1. Case # 1

In May 2000, petitioner was indicted for armed robbery (00-GS-18-1511) and breach of trust with fraudulent intent (00-GS-18-0531). (App. 217-18.) Petitioner was represented at the trial level by attorney Marva Hardee-Thomas. On November 2, 2000, petitioner was tried on the two charges before the Honorable Luke N. Brown, Jr., and a jury. The jury convicted petitioner of armed robbery but acquitted him of breach of trust. (App. 144.) Judge Brown sentenced petitioner to thirty (30) years imprisonment. (App. 149-50, 216.) Petitioner filed a timely notice of appeal.

Assistant Appellate Defender Eleanor Duffy Cleary of the South Carolina Office of Appellate Defense represented petitioner on direct appeal. On August 30, 2001, Cleary filed a final brief raising the following issue:

> Whether the trial court erred by refusing to direct a verdict in favor of appellant where the state failed to produce evidence that appellant committed robbery while alleging, either by action or words, he was armed while using a representation of a deadly weapon or any object which a person present during the commission of the robbery reasonably believed to be a deadly weapon?

(App. 151.)

2

On February 20, 2002, the South Carolina Court of Appeals affirmed petitioner's conviction.

State v. Ford, 2002-UP-0264 (S.C. Ct. App. 2002). (App. 176.) The remittitur was sent down on

April 29, 2002. (App. 178.)

On May 2, 2002, petitioner filed an application for post-conviction relief ("PCR") raising the

following grounds for relief:

> 1. Applicant was denied effective assistance of counsel by trial
> counsel's failure to object to the Solicitor's improper closing
> argument reference to the white Honda with paper tags and the car
> seen leaving the armed robbery in violation of the Sixth Amendment
> and Article 1, Section 14 of the State Constitution.
>
> 2. Applicant was denied effective assistance of counsel by trial
> counsel's failure to object to the improper testimony of Terri
> Singletary in violation of the Sixth Amendment and Article 1, Section
> 14 of the State Constitution.
>
> 3. Applicant was denied effective assistance of counsel by trial
> counsel's failure to investigate the case, especially the allege
> identification of the applicant by Frank Thomson as the person he
> saw walking on the sidewalk in the direction of the Rainbow Video
> at the time the store was robbed in violation of the Sixth Amendment
> and Article 1, § 14 of the State Constitution.
>
> 4. Applicant was denied effective assistance of counsel by trial
> counsel's failure to adequately move the lower Court for a Direct
> Verdict, where the State failed to produce evidence that applicant
> committed robbery while alleging, either by action or words, he was
> armed while using a representative of a deadly weapon or any object
> which a person . . .sent during the commission of the robbery
> reasonably believed to be a deadly weapon.

(App. 179.) On April 27, 2004, an evidentiary hearing was held before the Honorable John M.

Milling. Petitioner was present and represented by attorney Vernida Hill. Based on Judge Milling's

indication that he was going to vacate the conviction in Case #2 due to a lack of subject matter

jurisdiction (discussed below), petitioner decided to waive his claims for relief in Case #1 except the

jurisdictional issue.  (App. 245.)   On June 15, 2004, Judge Milling granted petitioner PCR and ordered that petitioner be re-indicted and re-tried based on the jurisdictional issue.  Further, he found petitioner knowingly and voluntarily waived all other issues. (App. 245.)

On August 11, 2004, the State filed a timely notice of appeal of the PCR order with the South Carolina Supreme Court.  On May 6, 2005, the State filed a petition for writ of certiorari raising the following issue: Did the post-conviction relief judge err in finding the trial court lacked subject matter jurisdiction?   Deputy Appellate Defender Wanda H. Carter of the South Carolina Office of Appellate Defense represented petitioner.  On October 23, 2006, the South Carolina Supreme Court reversed the grant of PCR and reinstated petitioner's conviction and sentence.  Ford v. State,  Op. No. 2006-MO-035 (S.C.  2006).  The remittitur was sent down on November 8, 2006.

**B.  Case #2:**

In May 2000, petitioner was indicted for a separate armed robbery (00-GS-18-1510). (App. 407-08).   Again, petitioner was represented at the trial level by attorney Hardee-Thomas. On November 14, 2000, petitioner was tried on the charges before the Honorable Diane S. Goodstein and a jury.  The jury convicted petitioner of armed robbery. (App. 343, 406.)  Based on petitioner's prior armed robbery conviction in Case #1 and pursuant to the recidivist provisions in South Carolina Code Ann. § 17-25-45, Judge Goodstein sentenced petitioner to the mandatory sentence of life imprisonment  without  parole.  (App. 353-54, 405.)   Petitioner  filed  a  timely  notice  of  appeal. Assistant Appellate Defender Eleanor Duffy Cleary, of the South Carolina Office of Appellate Defense, was appointed to represent petitioner.  On October 22, 2001, she filed a "no merit" final Anders[2] brief  and a petition to be relived as counsel, in which she raised the following issues:

---

[2] Anders v. California, 386 U.S. 738 (1967).

4

> 1.  Whether the trial court erred in admitting the identification of appellant where the photo array as unduly suggestive and the victim's identification was not reliable.
>
> 2.  Whether the trial court erred in refusing to direct a verdict of acquittal for armed robbery where the victim indicated she thought the robber pushed his hand through his pocket to appear to have a gun and where the evidence showed she did not actually believe it was a gun.

(App. 366.)  On April 25, 2002, the South Carolina Court of Appeals dismissed the appeal and granted counsel's petition to be relieved in <u>State v. Ford</u>, 2002-UP-299 (S.C. Ct. App. 2002).  (App. 382.)  The remittitur was sent down on May 29, 2002.  (App. 384.)

On June 21, 2002, petitioner filed an application for PCR raising  the following ground for relief:  Applicant was denied effective assistance of counsel by trial counsel's failure to request an instruction on strong arm robbery in violation of the Sixth Amendment and Article 1, § of the State Constitution.  (App. 385.)

On April 27, 2004, an evidentiary hearing was held before the Judge Milling.  Petitioner was present and represented by attorney James C. Chillis. (App. 418.)  On June 15, 2004, Judge Milling granted petitioner PCR and ordered that petitioner be re-indicted and re-tried based on the jurisdictional issue.  (App. 482.)

On August 11, 2004, the State filed a timely notice of appeal with the South Carolina Supreme Court.  Petitioner also filed a notice of appeal. On May 6, 2005, the State filed a petition for a writ of certiorari raising the following issue:  Did the post-conviction relief judge err in finding the trial court lacked subject matter jurisdiction?

Deputy Appellate Defender Wanda H. Carter of the South Carolina Office of Appellate Defense was appointed to represent petitioner in this PCR appeal.  On September 19, 2005, she filed

a return to the State's petition for writ of certiorari and a "no merit" <u>Johnson</u> petition raising the following issue:  Was trial counsel ineffective with respect to the objection regarding the request for a charge on the lesser-included offense in the case?

On October 25, 2005, petitioner filed a pro se memorandum raising the following issues:

> 1.  Was the PCR Court's ruling in this case correct as a matter of law and fact?
>
> 2.  Was trial counsel ineffective in respect to the objection regarding the request for a charge on the lesser-included offense in this case?
>
> 3.  Did the trial court lack subject matter jurisdiction due to a flaw in the indictment 2000-GS-18-5100?
>
> 4.  Was counsel ineffective for failing to object to hearsay testimony at trial in this case?

On October 23, 2006, the South Carolina Supreme Court granted the State's petition for certiorari, reversed the grant of PCR, reinstated the petitioner's conviction and sentence, and dismissed petitioner's appeal in <u>Ford v. State</u>, Op. No. 2006-MO-036 (S.C. 2006).  The remittitur was sent down on November 8, 2006.

## II. PETITIONER'S GROUND FOR RELIEF

In his memorandum supporting his petition for habeas, petitioner raises the following grounds for relief, quoted verbatim:

**Ground One:**  Was the PCR Court's ruling correct as a matter of law; and the South Carolina Supreme Court's reversal in error?

**Ground Two:**  Was trial court (sic) ineffective in respect to the objection regarding the request for a charge on the lesser-included offense?

**Ground Three:** Did the trial Court lack subject matter jurisdiction due to a flaw in the indictment 2000-GS-18-510?

6

**Ground Four:** Was counsel ineffective in failing to object to hearsay testimony at trial?

**Ground Five A:** Did the trial Court erred in refusing to direct a verdict of acquital for armed robbery where the victim indicated she thought the robber pushed his hands through his pocket to appear to have a gun and where the evidence showed she did not actually believe it was a gun?

**Ground Five B:** Did the trial court err by refusing to direct a verdict on favor of Petitioner where the State failed to produce evidence that he committed robbery while alleging, either by action or words, he was armed while using a representation of a deadly weapon or any object which a person present during the commission of the robbery reasonably believed to be a deadly weapon?

**Ground Six:** Did the trial Court error in admitting the identification where the photo array was unduly suggestive and the victim's identification was not reliable?

(Pet'r's Mem. Supp. Habeas Pet.)[3]

### III.  SUMMARY JUDGMENT

As stated above, on April 25, 2007, the respondent filed a return and memorandum of law in support of their motion for summary judgment and petitioner filed a response in opposition and his own motion for summary judgment on May 22, 2007.

The federal court is charged with liberally construing the complaints filed by pro se litigants, to allow them to fully develop potentially meritorious cases.  See Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972).  The court's function, however, is not to decide issues of fact, but to decide whether there is an issue of fact to be tried.  The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim,  Weller v. Dep't of Social Servs., 901 F.2d 387 (4th Cir. 1990), nor can the court

---

[3]The undersigned notes the grounds alleged in the petition are not exactly the same as the ones alleged in the petition. The undersigned is reviewing the grounds as they are alleged in petitioner's memorandum which was filed contemporaneously with the petition and encompasses the grounds set forth in the petition, as did the respondent.

assume the existence of a genuine issue of material fact where none exists.  If none can be shown, the motion should be granted.  Fed. R. Civ. P. 56(c).

The movant has the burden of proving that a judgment on the pleadings is appropriate.  Once the moving party makes this showing, however, the opposing party must respond to the motion with "specific facts showing that there is a genuine issue for trial."  The opposing party may not rest on the mere assertions contained in the pleadings.  Fed. R. Civ. P. 56(e); Celotex v. Catrett, 477 U.S. 317 (1986).

The Federal Rules of Civil Procedure encourage the entry of summary judgment where both parties have had ample opportunity to explore the merits of their cases and examination of the case makes it clear that one party has failed to establish the existence of an essential element in the case, on which that party will bear the burden of proof at trial.  See Fed. R. Civ. P. 56(c).  Where the movant can show a complete failure of proof concerning an essential element of the non-moving party's case, all other facts become immaterial because there can be "no genuine issue of material fact."  In Celotex, the Court held the defendants were "entitled to judgment as a matter of law" under Rule 56(c) because the petitioner had failed to make a sufficient showing on essential elements of his case with respect to which he has the burden of proof.  Celotex, 477 U.S. at 322-323.

## IV. STANDARD OF REVIEW

In addition to the standard that the court must employ in considering motions for summary judgment, the court must also consider the petition under the requirements set forth in 28 U.S.C. § 2254. Under § 2254(d),

> An application for a writ of habeas corpus on behalf of a person in
> custody pursuant to the judgment of a State court shall not be granted

with respect to any claim that was adjudicated on the merits in the State court proceedings unless the adjudication of the claim-

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the State court proceeding.

As "a determination of a factual issue made by a State court shall be presumed to be correct," a petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). With respect to reviewing the state court's application of federal law, " '[a] federal habeas court may grant the writ if the state court identifies the correct governing principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.'" Humphries v. Ozmint, 397 F.3d 206, 216 (4th Cir. 2005) (quoting Williams v. Taylor, 529 U.S. 362, 413 (2000)). Further, "an 'unreasonable application of federal law is different from an incorrect application of federal law,' because an incorrect application of federal law is not, in all instances, objectively unreasonable." Id. "Thus, to grant [a] habeas petition, [the court] must conclude that the state court's adjudication of his claims was not only incorrect, but that it was objectively unreasonable." McHone v. Polk, 392 F.3d 691, 719 (4th Cir. 2004).

## V. DISCUSSION AS TO PROCEDURAL BAR

### A. Procedural Bar

Exhaustion and procedural bypass are separate theories which operate in a similar manner to require a habeas petitioner to first submit his claims for relief to the state courts. The two theories rely on the same rationale. The general rule is that a petitioner must present his claim to the highest state court with authority to decide the issue before the federal court will consider the claim.

### 1. Exhaustion

The theory of exhaustion is based on the statute giving the federal court jurisdiction of habeas petitions. Applications for writs of habeas corpus are governed by 28 U.S.C. § 2254 , which allows relief when a person "is in custody in violation of the Constitution or laws or treaties of the United States." The statute states in part:

> (b) (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court, shall not be granted unless it appears that
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B) (I) there is either an absence of available State corrective process; or
>
> (ii) circumstances exist that render such process, ineffective to protect the rights of the applicant.
>
> (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.
>
> (3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

This statute clearly requires that an applicant pursue any and all opportunities in the state courts before seeking relief in the federal court. When subsections (b) and (c) are read in conjunction, it is clear that § 2254 requires a petitioner to present any claim he has to the state courts before he can

proceed on the claim in this court. The United States Supreme Court has consistently enforced the exhaustion requirement.

In South Carolina, a person in custody has two primary means of attacking the validity of his conviction. The first avenue is through a direct appeal and, pursuant to state law, he is required to state all his grounds in that appeal. SCAR 207; Blakeley v. Rabon, 266 S.C. 68, 221 S.E.2d 767 (S.C. 1976). The second avenue of relief is by filing an application for PCR. S.C. Code Ann. § 17-27-10 et seq. A PCR applicant is also required to state all of his grounds for relief in his application. S.C. Code Ann. § 17-27-90. Strict time deadlines govern direct appeal and the filing of a PCR in the South Carolina Courts. A PCR must be filed within one year of judgment, or if there is an appeal, within one year of the appellate court decision. S.C. Code Ann. § 17-27-45.

When the petition for habeas relief is filed in the federal court, a petitioner may present only those issues which were presented to the South Carolina Supreme Court through direct appeal or through an appeal from the denial of the PCR application, whether or not the Supreme Court actually reached the merits of the claim. If any avenue of state relief is still available, the petitioner must proceed through the state courts before requesting a writ of habeas corpus in the federal courts. Patterson v. Leeke, 556 F.2d 1168 (4th Cir. 1977); Richardson v. Turner, 716 F.2d 1059 (4th Cir. 1983).

## 2. Procedural bypass

Procedural bypass is the doctrine applied when the person seeking relief failed to raise the claim at the appropriate time in state court and has no further means of bringing that issue before the state courts. If this occurs, the person is procedurally barred from raising the issue in his federal habeas petition. The United States Supreme Court has clearly stated that the procedural bypass of

11

a constitutional claim in earlier state proceedings forecloses consideration by the federal courts, Smith v. Murray, 477 U.S. 527, 533 (1986). Bypass can occur at any level of the state proceedings, if a state has procedural rules which bar its courts from considering claims not raised in a timely fashion. The two routes of appeal in South Carolina are described above, (i.e., direct appeal, appeal from PCR denial) and the South Carolina Supreme Court will refuse to consider claims raised in a second appeal which could have been raised at an earlier time. Further, if a prisoner has failed to file a direct appeal or a PCR and the deadlines for filing have passed, he is barred from proceeding in state court.

If the state courts have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar. State procedural rules promote . . . not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case. Reed v. Ross, 468 U.S. 1, 10-11 (1984).

Stated simply, if a federal habeas petitioner can show (1) cause for his failure to raise the claim in the state courts, and (2) actual prejudice resulting from the failure, a procedural bar can be ignored and the federal court may consider the claim. Where a petitioner has failed to comply with state procedural requirements and cannot make the required showing of cause and prejudice, the federal courts generally decline to hear the claim. Murray v. Carrier, 477 U.S. 478, 496 (1986).

### 3. Inter-relation of Exhaustion and Procedural Bypass

As a practical matter, if a petitioner before this court has failed to raise a claim in state court, and is precluded by state rules from returning to state court to raise the issue, he has procedurally

bypassed his opportunity for relief in the state courts and in federal court. A federal court is barred from considering the filed claim (absent a showing of cause and actual prejudice). In such an instance, the exhaustion requirement is technically met and the rules of procedural bar apply. Matthews v. Evatt, 105 F.3d 907 (4th Cir. 1997)(*citing* Coleman v. Thompson, 501 U.S. 722, 735 n. 1 (1991); Teague v. Lane, 489 U.S. 288,297-98 (1989); and George v. Angelone, 100 F.3d 353,363 (4th Cir. 1996).

### 4. Cause and Actual Prejudice

The requirement of exhaustion is not jurisdictional and this court may consider claims which have not been presented to the South Carolina Supreme Court in limited circumstances. Granberry v. Greer, 481 U.S. 129, 131 (1987). In order to have such claims considered, a petitioner must show sufficient cause for failure to raise the claim and actual prejudice resulting from the failure, Coleman v. Thompson, 501 U.S. at 750, or that a "fundamental miscarriage of justice" has occurred. Murray v. Carrier, 477 U.S. 478 (1986). A petitioner may prove cause if he can demonstrate ineffective assistance of counsel relating to the default, show an external factor which hindered compliance with the state procedural rule, or demonstrate the novelty of a particular claim. *Id.* at 478.

Absent a showing of "cause," the court is not required to consider "actual prejudice." Turner v. Jabe, 58 F.3d 924 (4th Cir. 1995). However, if a petitioner demonstrates sufficient cause, he must also show actual prejudice in order to excuse a default. Murray v. Carrier, 477 U.S. at 492. To show actual prejudice, the petitioner must demonstrate more than plain error. He is required to prove that specific errors infected the trial and were of constitutional dimensions. United States v. Frady, 456 U.S. 152 (1982).

In Kornahrens v. Evatt, 66 F.3d 1350 (4th Cir. 1995), the Court of Appeals stated that once a claim is determined to be procedurally barred, the court should not consider the issue on its merits. The Court noted that it is always tempting to discuss the merits as an alternative reason for a conclusion, but that once a court finds an issue to be procedurally barred, all discussion which follows is only dicta.  *See* Karsten v. Kaiser Foundation Health Plan, 36 F.3d 8, 11 (4th Cir. 1993). Therefore, once a court has determined that a claim is procedurally barred, it should not stray into other considerations.

## VI. MERITS

### A. Ground One

As stated above, in Ground One, petitioner raises the following issue as to Case #2: "Was the PCR Court's ruling correct as a matter of law; and the South Carolina Supreme Court's reversal in error?"   The South Carolina Supreme Court reversed the PCR judge in both of petitioner's cases based on its decision in State v. Gentry, 610 S.E.2d 494 (S.C. 2005).  In Gentry,  the court abandoned the view that a defective or insufficient indictment was a question of subject matter jurisdiction.[4]

These determinations involve no federal constitutional issue and are simply not reviewable in federal habeas corpus.  Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) ("It is not the province of a federal habeas corpus court to reexamine state-court determinations on state-law questions."); Wright v. Angelone, 151 F.d 151 (4th Cir. 1998) (noting that while habeas may be granted for a lack of jurisdiction in the sentencing court, relief may not be granted where alleged jurisdictional defect depends on interpretation of state law, unless result is complete miscarriage of justice); Wills v. Egeler, 532 F.2d 1058, 1059 (6th Cir.1976) (holding that a "[d]etermination of whether a state court

---

[4]In both opinions, the South Carolina Supreme Court also noted that Gentry is retroactive.

is vested with jurisdiction under state law is a function of the state courts, not the federal judiciary").

Furthermore, any attempt to categorize this issue as a federal due process one is procedurally barred as it was never asserted in this context to the PCR judge, and thus would not have been preserved for review on the merits by the South Carolina Supreme Court. Coleman v. Thompson, 501 U.S. 722 (1991) (holding issue not properly raised to the state's highest court, and procedurally impossible to raise there now, is procedurally barred from review in federal habeas). Further, petitioner has not presented or addressed the argument of cause to overcome the procedural default in his response to respondents' motion for summary judgment. As previously discussed, it is petitioner's burden to raise cause and prejudice or actual innocence. A court need not consider cause and prejudice or actual innocence if not asserted by the petitioner. Burket v. Angelone, 208 F.3d 172, 183 n. 10 (4th Cir. 2000). Accordingly, this ground should be dismissed.

## B. Ground Two

In Ground Two, petitioner raises the following issue: "Was trial court (sic) ineffective in respect to the objection regarding the request for a charge on the lesser-included offense?" Petitioner contends trial counsel was ineffective for failing to request a jury instruction on the lesser offense of strong arm robbery in Case #2. The PCR judge held the charge was not warranted and found trial counsel was not ineffective. (App. 485.) He found the only evidence in the case was that the victim thought petitioner had a weapon and petitioner in his confession stated "I think so" when asked if he used his finger to look like a gun. (App. 483-85.)   The South Carolina Supreme Court denied certiorari on this issue and dismissed petitioner's appeal.

In Strickland v. Washington, 466 U.S. 668 (1984), the Supreme Court of the United States established a two-part test for determining whether a convicted person is entitled to relief on the

15

ground that his counsel rendered ineffective assistance. The first prong of the test requires that petitioner demonstrate that counsel's performance was deficient and "fell below an objective standard of reasonableness." *Id*. at 688. The second prong requires the petitioner to show that the deficient performance prejudiced the defense. *Id*. at 687. In order to satisfy the prejudice requirement of the two-prong test set forth in <u>Strickland</u>, defendant must show that "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." <u>Lockhart v. Fretwell</u>, 506 U.S. 364 (1993).

Here, petitioner has not demonstrated trial counsel was deficient or that he was prejudiced by trial counsel's failure to request the lesser included offense of strong arm robbery. "A lesser included offense instruction is required only when the evidence warrants such an instruction, and it is not error to refuse to charge the lesser included offense unless there is evidence tending to show the defendant was guilty only of the lesser offense." <u>State v. White</u>, 605 S.E.2d 540, 543 (S.C. 2004). There was no evidence that petitioner had committed only a strong arm robbery. *See* <u>State v. Drayton</u>, 361 S.E.2d 329 (S.C.1987) (charge on lesser included offense not warranted unless there is at least some evidence of the lesser offense).

Trial counsel testified petitioner admitted the crime to her and showed her how he placed his hand in his pocket to simulate a weapon by pointing under his shirt. (App. 426-27.) Trial counsel stated she and petitioner had extensive discussions as to what would be necessary to show strong arm robbery as opposed to armed robbery. (App. 427-38.) She stated she explained strong arm robbery to petitioner and suggested that maybe they could get a strong arm robbery instruction based on the facts. (App. 428.)

However, trial counsel also stated that prior to trial, she told petitioner that whether the instruction was warranted would depend on what the victim said at trial, and the victim refused to talk to counsel.  Trial counsel stated she also discussed with petitioner the fact that the victim would probably testify that she believed petitioner had a gun, and that there would have to be some evidence introduced at trial from the victim that she did not believe he had a gun in order for a charge on strong arm robbery to be warranted.  (App. 430-31.)  Trial counsel testified she was hoping during  cross-examination the victim would testify that she was not scared and did not believe petitioner had a weapon.  (App. 445-49; 465.)  After hearing the victim's testimony, however, trial counsel testified that the evidence did not support a charge on the lesser offense and therefore she decided not to request such a charge.  (App. 472-74.)

Further, trial counsel testified that even though she did not request a jury charge on strong arm robbery, she raised the issue to the trial judge in an off-the-record conference.  She testified the judge declined her request to instruct the jury on strong arm robbery because he stated there was no evidence in the record to support such a charge.  (App. 439-440; 442.)

Upon review of the record, the undersigned concludes that the jury charge on strong arm robbery was not warranted by the facts in petitioner's case and the PCR judge did not err in finding trial counsel was not ineffective for failing to request the charge.   The victim repeatedly stated that she thought petitioner had a concealed weapon during the robbery.  (App. 163-64; 167; 169; 185; 254; 278.)   Furthermore, in his confession, although petitioner stated he did not have a gun, when asked if he used his finger as a gun, he replied, "I think so."  (App. 360.)  Thus, trial counsel was not deficient for failing to request a jury charge on strong arm robbery where the facts did not warrant such a charge, and the PCR judge did not err in finding counsel was not ineffective.  The PCR's

17

decision was not contrary to, or an unreasonable application of, federal law. Accordingly, this ground should be dismissed.

### C. Ground Three

In Ground Three, petitioner raises the following issue: "Did the trial court lack subject matter jurisdiction due to a flaw in the indictment 2000-GS-18-5100?" Petitioner contends the indictment in Case # 2 was insufficient to confer subject matter jurisdiction because it failed to allege the element of asportation or taking away the goods of another.

Again, as discussed above in Ground One, whether a state court had subject matter jurisdiction under state law is not a cognizable issue in federal habeas review. These determinations involve no federal constitutional issue and are simply not reviewable in federal habeas corpus. Estelle, 502 U.S. at 67-68 ("It is not the province of a federal habeas corpus court to reexamine state-court determinations on state-law questions."); Wright, 151 F.d 151 (noting that while habeas may be granted for a lack of jurisdiction in the sentencing court, relief may not be granted where alleged jurisdictional defect depends on interpretation of state law, unless result is complete miscarriage of justice); Wills, 532 F.2d at 1059 (holding that a "[d]etermination of whether a state court is vested with jurisdiction under state law is a function of the state courts, not the federal judiciary").

This issue is also barred from habeas review because petitioner never raised this specific subject matter jurisdiction claim to the PCR judge and the PCR judge ruled only as to whether the indictment was defective for "failing to allege either by action or words, [petitioner] was armed while using a representation of a deadly weapon or any other object which a person present during the commission of the robbery reasonably believed to be a deadly weapon." (App. 487.) The PCR

18

judge did not rule that the indictment was defective for failing to allege the element of asportation.

To exhaust state remedies, a habeas petitioner must present the substance of his claims to the state's highest court. Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997). Claims not presented to a state's highest court may be treated as exhausted if it is clear that the claims would be procedurally defaulted under state law if the petitioner attempted to raise them now. George v. Angelone, 100 F.3d 353, 363 (4th Cir. 1996). However, a claim is procedurally barred from federal habeas corpus review if the state court to which the petitioner would be required to present the claim would now find it procedurally defaulted. Coleman, 501 U.S. 722. While petitioner did assert this issue in his pro se response to the Johnson brief in his PCR appeal, having failed to raise it to the PCR judge and obtain a ruling on it, this issue was not preserved for review on appeal. Coleman, 501 U.S. 722 (holding issue not properly raised to the state's highest court, and procedurally impossible to raise there now, is procedurally barred from review in federal habeas).

Further, petitioner has not presented or addressed the argument of cause to overcome the procedural default in his response to respondents' motion for summary judgment. As previously discussed, it is petitioner's burden to raise cause and prejudice or actual innocence. A court need not consider cause and prejudice or actual innocence if not asserted by the petitioner. Burket, 208 F.3d at 183 n. 10. Accordingly, this issue is barred from habeas review and should be dismissed.

### D. Ground Four

In Ground Four, petitioner raises the following issue: " Was counsel ineffective in failing to object to hearsay testimony at trial?" Petitioner contends his counsel was ineffective for failing to object to hearsay testimony at trial in Case #2. In his ground for relief, petitioner claims this issue is relevant to Case #2 because his sentence in Case #2 was enhanced based upon his conviction in

Case #1. (Pet'r's Mem. Opp. Summ. J. Mot. at 10.) Because the testimony described in the factual

basis is actually testimony from the victim in Case #1 (App. 69), the respondent analyzed the issue

as a Case #1 issue. Which case petitioner argues this issue relates to is irrelevant as the undersigned

finds this issue barred from habeas relief in either case.

To exhaust state remedies, a habeas petitioner must present the substance of his claims to the

state's highest court. Matthews, 105 F.3d at 911. Claims not presented to a state's highest court may

be treated as exhausted if it is clear that the claims would be procedurally defaulted under state law

if the petitioner attempted to raise them now. George, 100 F.3d at 363. However, a claim is

procedurally barred from federal habeas corpus review if the state court to which the petitioner

would be required to present the claim would now find it procedurally defaulted. Coleman, 501 U.S.

722.

As noted above, petitioner knowingly and voluntarily waived all claims of ineffective

assistance in the PCR as to Case #1, deciding to go forward on the jurisdictional issue. (App.

225-28; 249.) Plyler v. State, 309 S.C. 408, 424 S.E.2d 777 (1992) (issue must be both raised to

and ruled upon by PCR judge to be preserved for appellate review). Thus, petitioner did not preserve

any claims of ineffective assistance of counsel in Case #1. Having failed to raise it to the PCR

judge, it was not preserved for review on appeal. Coleman, 501 U.S. 722 (holding issue not properly

raised to the state's highest court, and procedurally impossible to raise there now, is procedurally

barred from review in federal habeas). While petitioner did raise this issue in his pro se response to

the "no merit" Johnson petition in Case #2, having failed to raise it to the PCR judge, it was not

preserved for review on appeal. Coleman, 501 U.S. 722 (holding issue not properly raised to the

20

state's highest court, and procedurally impossible to raise there now, is procedurally barred from review in federal habeas).

Further, petitioner has not presented or addressed the argument of cause to overcome the procedural default in his response to respondents' motion for summary judgment. As previously discussed, it is petitioner's burden to raise cause and prejudice or actual innocence. A court need not consider cause and prejudice or actual innocence if not asserted by the petitioner. Burket, 208 F.3d at 183 n. 10. Accordingly, this issue should be dismissed.

### E. Ground Five (A)

In Ground Five (A), petitioner raises the following issue: "Did the trial Court erred in refusing to direct a verdict of acquital for armed robbery where the victim indicated she thought the robber pushed his hands through his pocket to appear to have a gun and where the evidence showed she did not actually believe it was a gun?" Petitioner contends the trial court should have granted a directed verdict on Case #2, as the State allegedly failed to prove the representation type of armed robbery.

Petitioner again expressly states this issue applies to Case #2, but then discusses facts and law relating to the evidence presented in Case #1. However, since petitioner discusses the evidence as to Case #1, respondent analyzed this issue as to Case #1. Again, which case petitioner argues this issue relates to is irrelevant as the undersigned finds this issue barred from habeas relief in either case.

Although on direct appeal, petitioner raised the issue that a directed verdict should have been granted on the ground that the State failed to prove the representation type of armed robbery, this was not the basis for his directed verdict motion at trial. (App. 156.) At trial in Case #1, petitioner moved

for a directed verdict only on the ground that the there was no clear identification of petitioner as the perpetrator.  (App. 114-15.)    The South Carolina Court of Appeals affirmed petitioner's direct appeal citing a case which holds that a party cannot argue one ground at trial and another on appeal. (PCR App. 177.)    Thus, this issue was not properly raised for review on appeal.  Coleman, 501 U.S. 722 (holding issue not properly raised to the state's highest court, and procedurally impossible to raise there now, is procedurally barred from review in federal habeas).  Further, petitioner has not presented or addressed the argument of cause to overcome the procedural default in his response to respondents' motion for summary judgment. As previously discussed, it is petitioner's burden to raise cause and prejudice or actual innocence.  A court need not consider cause and prejudice or actual innocence if not asserted by the petitioner.  Burket, 208 F.3d at 183 n. 10.  Accordingly, this  issue should be dismissed.

### F. Ground Five (B)

Petitioner's next ground for relief is as follows:

> Did the trial court err by refusing to direct a verdict in favor of Petitioner where the State failed to produce evidence that he committed robbery while alleging, either by action or words, he was armed while using a representation of a deadly weapon or any object which a person present during the commission of the robbery reasonably believed to be a deadly weapon?

In this ground, petitioner asserts the same issue as raised in Ground Four only as to Case #2. As stated in the discussion relating to Ground Four, petitioner did not raise this issue at trial and thus it would not have been preserved for review on direct appeal.   Accordingly, petitioner did not present this claim in a procedurally viable manner for review on the merits when he had the opportunity to do so.  As such, the claim is procedurally barred. Coleman, 501 U.S. 722.  Further, petitioner has not presented or addressed the argument of cause to overcome the procedural default

22

in his response to respondents' motion for summary judgment. As previously discussed, it is petitioner's burden to raise cause and prejudice or actual innocence. A court need not consider cause and prejudice or actual innocence if not asserted by the petitioner. Burket, 208 F.3d at 183 n. 10. Accordingly, this claim should be dismissed.

### F. Ground Six

In Ground Six, petitioner raises the following issue: "Did the trial Court error in admitting the identification where the photo array was unduly suggestive and the victim's identification was not reliable?" Petitioner contends that the photo lineup was unduly suggestive and the trial court erred in admitting it. Again, while petitioner states this issue goes to Case #1, the testimony which he discusses is from Case #2. Therefore, respondent analyzed the issue as if it were for Case #2. Again, which case petitioner argues this issue relates to is irrelevant as the undersigned finds this issue is without merit.

At trial, petitioner requested a pre-trial hearing on the photo lineup. (App. 118-48.) The defense argued that the lineup was unduly suggestive because two of the six individuals in the lineup were not wearing dark clothing like petitioner, and because the victim stated her choice was between petitioner and another member of the lineup. She ultimately chose petitioner based on the facial features. It took the victim approximately nine minutes to make a selection. (App. 124-25.) The trial court took the matter under advisement overnight and ultimately decided that under the totality of the circumstances the lineup was not unduly suggestive. (App. 147-48.) This freestanding issue was asserted in petitioner's Anders brief. (App. 375.) The state court of appeals dismissed the appeal and granted the motion to be relieved. (App. 382.)

The Supreme Court has outlined a two-step approach to determine the admissibility of identification testimony.  First, the defendant must prove that the identification procedure was impermissibly suggestive.  Manson v. Brathwaite, 432 U.S. 98, 114 (1977)).  Second, even if the defendant proves that the identification procedure was suggestive, an identification is still valid if reliable.  Brathwaite, 432 U.S. at 114; Neil v. Biggers, 409 U.S. 188, 199 (1972).

The reliability of eyewitness identifications are assessed "under the totality of the circumstances," Satcher v. Pruett, 126 F.3d 561, 566 (4th Cir.1997), gauged by the five factors identified by the Supreme Court in Neil v. Biggers, 409 U.S. at 199-200.  These factors include: "the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of his prior description of the criminal, the level of certainty demonstrated at the confrontation, and the time between the crime and the confrontation." Brathwaite, 432 U.S. at 114.

Here, there is nothing to indicate the identification procedure was suggestive. The police officer used the victim's description to prepare a photo lineup of six individuals.  (App. 118-19.) The officer stated he chose photos of people that were similar in description.  (App. 126; 132.)  Four of the six black males had dark shirts, including petitioner,  and two wore white shirts.  (App. 122.) All of the subjects had short hair. (App. 129.)  All the photos were presented to the victim at the same time, and the officer made no suggestions as to a choice.  (App. 131-33.)  The officer told the victim the people in the pictures were just "possibilities" and for her to take her time.  (App. 123.) The victim testified during trial that the officer did not suggest any answer to her.  (App. 168.) Given these circumstances, there is nothing to indicate that this lineup was impermissibly suggestive. United States v. Wilkerson, 84 F.3d 692 (4th Cir. 1996).

24

Further, even assuming the procedure was suggestive, there is no evidence that the identification was unreliable. Only a few weeks had passed since the crime occurred. The crime occurred in a well-lit area in the day time. The victim was confident in her identification at trial and was careful when she made her identification at the lineup. Further, the victim stated that she had gotten a good look at the person. (App. 165-67.)

Finally, even if there was error, it was harmless. Petitioner confessed to committing the crime. (App. 264-65). <u>United States v. Concepcion</u>, 983 F.2d 369 (2nd Cir. 1992) (erroneous identification harmless where other evidence overwhelming). Accordingly, this issue should be dismissed as the state court's decision did not involve an unreasonable determination of the facts and was not contrary to, nor unreasonable application of, federal law.

## VII. CONCLUSION

Based on the foregoing, it is recommended that respondent's motion for summary judgment (docket entry #11) be GRANTED and petitioner's petition for Writ of Habeas Corpus should be denied, and the petition dismissed without an evidentiary hearing.

Respectfully submitted,

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

February <u>4</u>, 2008
Florence, South Carolina

**The parties' attention is directed to the important notice on the next page.**