IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Quentin L. Ford, #270532 ) | |
| ) | C/A No. 4:07-167-MBS-TER |
| Petitioner, ) | |
| ) | |
| vs. ) | **OPINION AND** |
| ) | **O R D E R** |
| Warden of Broad River Correctional ) | |
| Institution, ) | |
| ) | |
| Respondent. ) | |
| ) | |

Petitioner Quentin L. Ford is a prisoner in the custody of the South Carolina Department of Corrections ("SCDC") and is currently housed at the Broad River Correctional Institution. Petitioner, appearing pro se, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254, asserting he is being held in custody unlawfully. Petitioner seeks relief in the form of a new trial, reversal of his conviction, or judgment of acquittal in both underlying state cases.

This matter is before the court on cross-motions for summary judgment. Respondent's motion for summary judgment was filed on April 25, 2007. By order filed May 4, 2007, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Petitioner was advised of the summary judgment procedure and the possible consequences if he failed to respond adequately. On May 22, 2007, Petitioner filed a response to Respondent's motion for summary judgment and a cross-motion for summary judgment.

In accordance with 28 U.S.C. § 636(b)(1) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Thomas E. Rogers, III for pretrial handling. The Magistrate Judge issued a Report and Recommendation ("Report and Recommendation") on February 4, 2008, in which he recommended that Respondent's motion for summary judgment be

granted and that the petition be dismissed. On February 19, 2008, Petitioner's motion for an extension of time to file a response to the Report and Recommendation was granted. On March 24, 2008, Petitioner filed objections to the Report and Recommendation. ("Petitioner's Objections.")

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of any portions of the Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). The district court need not conduct a de novo review when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations. Orpiano v. Johnson, 687 F.2d 44, 47-48 (4th Cir. 1982).

## FACTS

The facts of this case are detailed at length in the Report and Recommendation. (Report and Recommendation at 2-6.) Briefly, Petitioner seeks a writ of habeas corpus based on criminal convictions and sentences arising out of two separate state court proceedings. In the first case, Petitioner was indicted for armed robbery and breach of trust with fraudulent intent. (See Respondent's Motion for Summ. J., Ex. 1 (App. for Case No. 1) at 4-5, 217-18.) At trial, the jury convicted Petitioner of armed robbery but acquitted him of breach of trust with fraudulent intent. (See id. at 143.) Petitioner timely filed an appeal. The question raised on appeal by Petitioner's appellate counsel was whether the trial court erred when it refused to direct a verdict in favor of

Petitioner "where the state failed to produce evidence that appellant committed robbery while alleging, either by action or words, he was armed while using a representation of a deadly weapon or any object which a person present during the commission of the robbery reasonably believed to be a deadly weapon." (Id. at 154.) The South Carolina Court of Appeals affirmed Petitioner's conviction and the remittitur was sent down on April 29, 2002. (See id. at 176-78.) On May 2, 2002, Petitioner filed an application for post-conviction relief ("PCR"), raising four grounds for relief. (See id. at 179-96.)

In the second case, Petitioner was indicted for a separate offense of armed robbery. (See Respondent's Motion for Summ. J., Ex. 8 (App. for Case No. 2) at 358-59.) The jury in this case also returned a guilty verdict against the Petitioner. (See id. at 345, 406.) Petitioner filed a timely appeal and his appellate counsel filed a "no merit" Anders[1] brief and petition to be relieved as counsel. (See id. at 366.) Petitioner's appellate counsel raised two issues on appeal: 1) "whether the trial court erred in admitting the identification of appellant where the photo array was unduly suggestive and the victim's identification was not reliable," and 2) "[w]hether the trial court erred in refusing to direct a verdict of acquittal for armed robbery where the victim indicated she thought the robber pushed his hand through his pocket to appear to have a gun and where the evidence showed she did not actually believe it was a gun." (Id. at 369.) The South Carolina Court of Appeals dismissed the appeal, granted the appellate counsel's petition to be relieved, and a remittitur was sent down on May 29, 2002. (See id. at 382-84.) On June 21, 2002, Petitioner filed an application for PCR, asserting that his trial counsel was ineffective because his trial counsel failed

---

[1] Anders v. California, 386 U.S. 738 (1967).

3

to request a jury instruction on strong arm robbery. (See id. at 385-92.)

On April 27, 2004, an evidentiary hearing was held before the PCR court on both of Petitioner's PCR actions. (See Respondent's Motion for Summ. J., Ex. 1 (App. for Case No. 1) at 223-25; Respondent's Motion for Summ. J., Ex. 8 (App. for Case No. 2) at 418- 421.) At this hearing, the PCR court noted possible deficiencies in the indictments and determined this was a matter of subject matter jurisdiction. Petitioner thereafter waived all his grounds for PCR relief in the first case, other than the question of whether the trial court had jurisdiction. (See Respondent's Motion for Summ. J., Ex. 1 (App. for Case No. 1) at 226-28, 249.) The PCR court found that the indictment in the first case was insufficient to confer subject matter jurisdiction on the trial court, granted Petitioner post-conviction relief, and remanded the matter for re-indictment and re-trial. (See id. at 245-49.) In the second case, the PCR court denied Petitioner's allegation of ineffective assistance of counsel based on trial counsel's failure to request a jury instruction on strong armed robbery. Nevertheless, the PCR court granted Petitioner post-conviction relief, finding that the indictment in the second case was insufficient to confer subject matter jurisdiction on the trial court. (See Respondent's Motion for Summ. J., Ex. 8 (App. for Case No. 2) at 482-88.)

On August 11, 2004, the State appealed both orders granting PCR relief. (See Respondent's Motion for Summ. J., Ex.2; Respondent's Motion for Summ. J., Ex. 8 (App. for Case No. 2) at 490.) In the second case, Petitioner filed a pro se brief, raising four questions for review. Two questions related to whether the PCR court appropriately ruled that the trial court lacked subject matter jurisdiction due to the insufficiency of the indictment. One question related to whether Petitioner's trial counsel was ineffective for failing to object to the lack of a jury charge for strong armed robbery. The final question related to whether Petitioner's trial counsel was ineffective for failing

to object to hearsay testimony at trial. (See Respondent's Motion for Summ. J., Ex. 11.)

The South Carolina Supreme Court reversed the PCR court's finding that the trial court lacked subject matter jurisdiction, holding that any defect in the indictments did not deprive the trial court of subject matter jurisdiction in either case. The South Carolina Supreme Court noted that any defect in the indictments should have been raised at trial. (See Respondent's Motion for Summ. J., Exs. 6, 12.) Additionally, the South Carolina Supreme Court denied Petitioner's pro se petition. (See Respondent's Motion for Summ. J., Ex. 12.) A remittitur was sent down for each case on November 8, 2006. (See Respondent's Motion for Summ. J., Exs. 7, 13.)

Petitioner filed the within petition on January 19, 2007. Petitioner sets forth the following six grounds for federal habeas relief:

> **Ground One: Case No. Two:** Was the PCR Court's ruling correct as a matter of law; and the South Carolina Supreme Court's reversal in error?
>
> **Ground Two: Case No. Two:** Was trial court ineffective in respect to the objection regarding the request for a charge on the lesser-included offense?
>
> **Ground Three: Case No. Two:** Did the trial court lack subject matter jurisdiction due to a flaw in the indictment 20000-GS-18-510?
>
> **Ground Four: Case No. Two:** Was counsel ineffective in failing to object to hearsay testimony at trial?
>
> **Ground Five: A: Case No. One**: Did the trial court erred in refusing to direct a verdict of acquittal for armed robbery where the victim indicated she thought the robber pushed his hands through his pocket to appear to have a gun and where the evidence showed she did not actually believe it was a gun?
>
> **Ground Five: B: Case No. Two:** Did the trial court erred by refusing to direct a verdict in favor of Petitioner where the State failed to produce evidence that he committed robbery while alleging, either by action or words, he was armed while using a representation of a deadly weapon or any object which a person present during the commission of the robbery reasonably believed to be a deadly weapon.

5

> **Ground Six: Case No. One:** Did the trial court error in admitting the identification where the photo array was unduly suggestive and the victim's identification was not reliable?

(Petitioner's Memorandum of Law in Support of Petition (errors in original).)

After a thorough review of the applicable law, the Magistrate Judge recommended that the Respondent's motion for summary judgment be granted and the petition be dismissed. The Magistrate Judge found that Petitioner's first ground should be dismissed because Petitioner seeks a review of state court determinations on state law questions, which is not reviewable in a federal habeas corpus proceeding. The Magistrate Judge further noted that even if the first ground could be characterized as a federal due process issue, it is procedurally barred as it was never asserted before a PCR court and was not preserved at trial for review on the merits by the South Carolina Supreme Court. With respect to the second ground, the Magistrate Judge found that the trial counsel was not deficient for failing to request a jury charge on strong arm robbery and the PCR court did not err in finding that trial counsel was not ineffective. As such, the Magistrate Judge recommended dismissal of the second ground because the PCR court's decision was not contrary to or an unreasonable application of federal law.

The Magistrate Judge found that the third ground should be dismissed for similar reasons that the first ground should be dismissed. The Magistrate Judge found that the question of whether a state court had subject matter jurisdiction under state law is not reviewable in a federal habeas corpus proceeding. The Magistrate Judge further found that the third issue is barred because the Petitioner never raised this specific subject matter jurisdiction claim to the PCR judge. With respect to Petitioner's fourth ground, the Magistrate Judge found that because the Petitioner waived all claims of ineffective assistance of counsel before the PCR court in the first case, he failed to preserve his

6

claims for review. As such, the Magistrate Judge found that the fourth ground is barred from federal habeas review. Next, the Magistrate Judge found that Petitioner's Ground Five A fails because the issue was not properly raised for review on appeal in the state court system. Similarly, the Magistrate Judge found that Petitioner's Ground Five B fails because he did not raise this issue at trial and therefore, it was not appropriately preserved for review on direct appeal. Finally, the Magistrate Judge found that Petitioner's sixth ground should be dismissed because there was no error by the trial court in admitting identification. The Magistrate Judge further finds that even if error was found, it would be harmless because the Petitioner confessed to committing the crime.

## STANDARD OF REVIEW

An application for a writ of habeas corpus with respect to a claim that was adjudicated on the merits in State court proceedings cannot be granted unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). A determination of a factual issue made by a State court is presumed to be correct. Petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

A state court decision is "contrary to . . . clearly established Federal law, as determined by the Supreme Court," id., "if the state court arrives at a conclusion opposite to that reached by th[e] Court on a question of law or if the state court decides a case differently than th[e] Court has on a set of materially indistinguishable facts," Williams v. Taylor, 529 U.S. 362, 413 (2000). A state court decision "involve[s] an unreasonable application of . . . clearly established Federal law, as

7

determined by the Supreme Court," 28 U.S.C. § 2254(d)(1), when the state court "identifies the correct governing legal principle from th[e] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case," Williams, 529 U.S. at 413. The court's "review is . . . deferential because [the court] cannot grant relief unless the state court's result is legally or factually unreasonable." Bell v. Jarvis, 236 F.3d 149, 163 (4th Cir. 2000) (quoting Aycox v. Lytle, 196 F.3d 1174, 1178 (10th Cir. 1999)).

## DISCUSSION

Petitioner makes four specific objections to the Magistrate Judge's proposed findings and recommendation. The court will review each objection in turn.

Petitioner's first objection is that he should be granted federal habeas relief based on his first ground, in which he asserts that in the second underlying case, the PCR court's ruling was correct and the South Carolina Supreme Court's reversal was erroneous. Petitioner contends that this is because the South Carolina Supreme Court's retroactive application of its holdings "will certainly 'result in a complete miscarriage of justice.'" (Petitioner's Objections at 3.) Petitioner states that his first ground raises a federal constitutional matter because "it was due to constitutionally ineffective assistance of counsel representation that the issue was not raised and preserved at the lower court for later appellate review." (Petitioner's Objections at 3 (errors in original).)

Generally, federal courts should not review "a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment." Coleman v.Thompson, 501 U.S. 722, 729 (1991). This rule applies to the determination of when federal district courts should review federal habeas corpus claims of state prisoners and applies to "bar federal habeas when a state court declined to address

8

a prisoner's federal claims because the prisoner failed to meet a state procedural requirement." Coleman, 501 U.S. at 729-30. An exception to this bar applies when a state prisoner can "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Id. at 750. The South Carolina Supreme Court based its decision on state law precedent which established that any allegations that an indictment is deficient do not deprive a trial court of subject matter jurisdiction. (See id., Ex. 12.) As such, Petitioner's first ground for federal habeas relief is barred from review. See Coleman, 501 U.S. at 730.

Additionally, the Magistrate Judge noted that any attempt by the Petitioner to categorize any alleged insufficiencies of the indictment as a federal due process issue is procedurally barred because the Petitioner never presented a federal due process question to the PCR court. (See Report and Recommendation at 15.) The Magistrate Judge further states that the Petitioner has not presented any argument for cause to overcome this procedural default. (See id.) In response, Petitioner attempts to present cause by asserting that any default was due to his PCR attorney's failure to raise and preserve the allegation that he was denied federal due process, for review. A state prisoner may establish cause for default on a state procedural requirement by demonstrating ineffective assistance of counsel. See Coleman, 501 U.S. at 753-54. A criminal defendant has no right to counsel "beyond his first appeal in pursuing state discretionary or collateral review . . . ," id. at 756-57, and "no constitutional right to an attorney in state post-conviction proceedings." Id. at 752 (citing Pennsylvania v. Finley, 481 U.S. 551 (1987)). There can be no constitutional claim for ineffective assistance of counsel when there is no right to counsel. See id. at 752 (citing Wainwright v. Torna, 455 U.S. 586 (1982)). As such, any error on the part of Petitioner's PCR counsel in failing to

9

preserve the question of whether he was deprived of federal due process as a result of deficiencies in the indictment cannot constitute cause to excuse Petitioner's default. See id. at 757. Therefore, Petitioner's first objection is without merit.

Petitioner's second objection is that he should be granted habeas relief based on his third ground that the trial court lacked subject matter jurisdiction due to the flaw in the indictment in his second case. Petitioner argues that the indictment fails to include asportation, which is a necessary element of the crime of robbery. Petitioner further argues that this is a federal question because a "state may not capriciously bring a citizen before the bar to answer criminal charges, and convict, unless the State sufficiently defines and proves each and every 'element' of the crime charged," and the flaw in the indictment results in a deprivation of due process. (Petitioner's Objections at 4.) As the Magistrate Judge found, Petitioner's claim that he was deprived of due process is procedurally barred for failure to present the issue to the PCR court. (See Report and Recommendation at 15, 18-19.) Additionally, as further noted by the Magistrate Judge and discussed herein, Petitioner has failed to demonstrate cause for such default. (See Report and Recommendation at 19.) Therefore, Petitioner's second objection is without merit.

Petitioner's next objection is that although the Magistrate Judge's findings are valid as to Grounds Four and Five: A of his petition, the court should reject the findings because they would result in harmful error and a denial to Petitioner of substantial rights of justice. Petitioner does not offer any specific facts that would support his contention. After conducting a thorough review of the entire record and applicable law, the court concurs in the findings of the Magistrate Judge with respect to these two grounds. As such, Petitioner's objection is without merit.

Petitioner's fourth objection is that his claim for relief based on the second part of his fifth

ground, or Fifth Ground: B, is not procedurally barred. In his Fifth Ground: B, Petitioner alleges that the trial court, in his second case, erred by failing to grant Petitioner a directed verdict based on the State's alleged failure to produce evidence that Petitioner was armed while using a representation of a deadly weapon or any object, which a person present during the commission of the robbery reasonably believed to be a deadly weapon. Petitioner claims that any procedural default was due to ineffective assistance of his trial counsel. Specifically, Petitioner states that "since he has been provided counsel who has rendered sub par performance and assistance, that he has been denied the right to guaranteed effective counsel assistance at a critical stage of the proceedings." (Petitioner's Objections at 5.)

On a motion for summary judgment, once the movant has made a threshold demonstration that there is no genuine issue of material fact, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings; rather he must demonstrate that specific, material facts exist which give rise to a genuine issue. Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). In his objections, Petitioner alleges for the first time that trial counsel was ineffective for failing to preserve the question of the trial court's error relating to a directed verdict. Beyond the general assertion that he was denied effective assistance of counsel, Petitioner does not point to any specific, material facts that would raise a genuine issue regarding the effectiveness of his trial counsel with respect to challenging the trial court's denial of a directed verdict. (Petitioner's Objections at 5.) As such, Petitioner's objection is without merit and Respondent's motion for summary judgment with respect to this ground is granted.

11

CONCLUSION

After thorough review of the Report and Recommendation, the Plaintiff's Objections, the record in its entirety, and examining the applicable law, the court concurs with the Magistrate Judge's findings. As such, Respondent's motion for summary judgment (Entry 10) is **granted**, Petitioner's motion for summary judgment (Entry 13) is **denied**, and the within petition for writ of habeas corpus is dismissed with prejudice.

**IT IS SO ORDERED.**

                                          s/ Margaret B. Seymour
                                          Margaret B. Seymour
                                          United States District Judge

Columbia, South Carolina
March 28, 2008

**NOTICE OF RIGHT TO APPEAL**

**Petitioner is hereby notified that he has the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**